

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

February 26, 1953

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas                    Opinion No. S-13

Re: Legality of the same
person being paid both
as consulting architect
and as associate archi-
tect in connection with
the Basic Science Build-
ing for Southwestern
Dear Sir:                        Medical School.

        You have requested an opinion on the follow-
ing questions:

        "Can the same person act in the ca-
    pacity of Consulting Architect and also as
    Associate Architect and charge fees there-
    for in connection with the erection of the
    Basic Science Building for the Southwestern
    Medical School, Dallas, Texas?

        "If you answer the foregoing question
    in the affirmative, then can the Consulting
    Architect's fees and the associate Archi-
    tect's fees exceed the amounts scheduled in
    the appropriation bill?"

        Section 3 of Article VI, Chapter 499, Acts 52
nd Legislature 1951, page 1228, at page 1478 provides
that the State will furnish the architect "a limited
consulting service consisting of a complete site survey,
soil analysis, and a program of the work authorizing in
detail the space requirements and their general arrange-
ments, and the standards of types of construction and
Design". This consulting service must be furnished
the "associate architect" in order for him to properly
carry out his duties.

        We have been informed by officials of the
University of Texas and the State Board of Control that
the various State agencies do not have the personnel to

furnish architects with this service. Therefore, the consulting service required to be furnished by the State must be provided by one of the following methods:

1. The State agency contracts with a qualified "consulting architect" to conduct the necessary tests, and the information obtained is furnished the "associate architect" in charge of the actual construction.

2. The architect in charge of the actual construction ("associate architect") contracts directly with a qualified "consulting architect" to conduct the necessary tests, and is reimbursed by the State for the expenses so incurred.

3. If the "associate architect" is qualified to conduct the tests, he will do so, and charge the State for such services in addition to his regular architect fees.

It has not been questioned that the first and second methods constitute an expense authorized by the General Appropriation Act. It is noted that such contracts have not been limited by the Legislature. The limitation of the amount of architect's fees that may be charged refers only to the fees for services rendered for the following:

"(A) The necessary conferences, and the preparation of preliminary studies.

"(B) The production of complete architectural, mechanical, and structural drawings, and specifications, and then proper correlation.

"(C) The General Administration and supervision of the work."

The voucher for the "consulting architect" is for services rendered under contract dated July 13, 1951. The services rendered under this contract were those consulting services which must be furnished by the State to the regular architect in charge of construction (the "associate Architect").

The voucher for the "associate architect" was for services rendered under the contract dated April 16, 1952. Since the contracts create an "independent contractor" relationship, Sections 33 and 40 of Article XVI

of the Constitution of Texas, prohibiting the payment of compensation to a person holding at the same time more than one office or position of emolument have no application to your question. Att'y Gen. Op. 2671 (1927) found in the biennial report of the Attorney General 1926-1928 at page 406 and Att'y Gen. Op. V-345 (1947). We cannot determine any conflicting interests in the two contracts, since neither the "consulting architect" nor the "associate architect" exercise any supervision over the other, neither job is subordinate to the other, neither job duplicates the other, neither is antagonistic to the other, neither has any power to appoint or remove any employee of the other, and neither audits the books of the other. Therefore, there is no incompatibility in the work of "consulting architect" and "associate architect", Att'y Gen. Op. V-345 (1947). (Copies of such opinions are enclosed.)

In view of the foregoing it is our opinion that the services to be performed under the existing contracts may be performed by the same person. If the same person acts in the capacity of "consulting architect" and also as "associate architect" the fees that may be paid him can exceed the amounts scheduled in Section 3 of Article VI, Chapter 499, Acts 52nd Legislature 1951, page 1228, provided the fees for services rendered as "associate architect" do not exceed the amounts so scheduled. You are therefore advised that you are authorized to issue warrants in payment of the two voucher claims enclosed with your request.

## SUMMARY

Contracts for the performance of services as "consulting architect" and "associate architect" in connection with the construction of a building for the Southwestern Medical School of the University of Texas may be entered into by the same architect. If the same person acts in the capacity of "consulting architect" and also as "associate architect" the fees that may be paid him can exceed the amounts scheduled in Section 3 of Article VI, Chapter 499, Acts 52nd Legislature, 1951, page

1228, provided the fees for services rendered as "associate architect" do not exceed the amounts so scheduled.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JR:am

JOHN BEN SHEPPERD
Attorney General

By *John Reeves*
John Reeves
Assistant